**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| SILKEN BROWN; MARIO DE LA ROSA, individually and on behalf of other members of the general public similarly situated and as aggrieved employers pursuant to the Private Attorneys General Act ("PAGA"), *Plaintiffs-Appellants*, <br><br> v. <br><br> CINEMARK USA, INC.; CENTURY THEATRES, INC., *Defendants-Appellees.* | No. 16-15377 <br><br> D.C. No. 3:13-cv-05669-WHO <br><br><br> ORDER |

Filed December 7, 2017

Before: Sidney R. Thomas, Chief Judge, and Stephen Reinhardt and Kathleen M. O'Malley,[*] Circuit Judges.

---

[*] The Honorable Kathleen M. O'Malley, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

## SUMMARY[**]

### Appellate Jurisdiction

The panel denied a motion to dismiss for lack of jurisdiction a class action complaint alleging wage and hour claims, and held that the court had jurisdiction under 28 U.S.C. § 1291 to consider the appeal on the merits.

Defendants Cinemark USA, Inc. and Century Theaters, Inc. sought to dismiss for lack of appellate jurisdiction in light of the Supreme Court decision in *Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017), because plaintiffs voluntarily settled some of their claims.

The panel held that this case was unlike *Baker*, where the plaintiffs intended to sidestep Fed. R. Civ. P. 23(f) when they voluntarily dismissed their claims. The panel held that the parties' mutual settlement for consideration in this case did not raise the same concerns. Unlike the plaintiffs in *Baker*, the plaintiffs in this case continued litigating their remaining individual claims after the district court denied class certification. The panel further held that the resolution of this case was not a unilateral dismissal of claims, but a mutual settlement for consideration reached by both parties which expressly preserved certain claims for appeal.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Liana Carter (argued), Katherine Kehr, Robert Drexler, and Glenn Danas, Capstone Law APC, Los Angeles, California, for Plaintiffs-Appellants.

Emily B. Vicente (argued) and M. Brett Burns, Hunton & Williams LLP, Los Angeles, California, for Defendants-Appellants.

## ORDER

Defendants have moved to dismiss this case for lack of appellate jurisdiction under 28 U.S.C. § 1291, in light of the Supreme Court decision in *Microsoft Corp. v. Baker*, 582 U.S. __, 137 S. Ct. 1702 (2017), because Plaintiffs voluntarily settled some of their claims. We deny the motion.

I

We begin with a short procedural history. Silken Brown filed a Class Action Complaint against Defendants Cinemark USA, Inc. and Century Theatres, Inc. alleging several wage and hour claims. Defendants removed the case, and it was consolidated with similar pending actions by the district court, including one filed by Mario De La Rosa.

The district court dismissed Brown's direct wage statement claim and denied class certification of Plaintiffs' meal and rest break claims, reporting pay claims, off-the-clock work claims, derivative wage statement claims, and direct wage statement claims. Plaintiffs' remaining individual claims were set for trial. Defendants filed a

summary judgment motion on the remaining claims. The district court issued a tentative ruling, which proposed granting the motion in part and denying it in part.

Subsequently, the parties stipulated to the tentative order and settled all remaining individual claims. Brown and De La Rosa reserved the right to challenge the district court's judgment denying class certification of the direct wage claim and dismissing Brown's individual direct wage statement claim. Brown and De La Rosa appealed the issues reserved by the settlement.

II

Defendants argue that we lack jurisdiction under *Microsoft v. Baker* to consider an appeal of the district court's interlocutory judgment because Brown and De La Rosa voluntarily settled the remaining claims. In *Baker*, the district court declined to certify the plaintiffs' proposed class, and the appellate court declined discretionary interlocutory review under Rule 23(f). 137 S. Ct. at 1710–11. Rather than pursue their individual claims on the merits, the plaintiffs voluntarily dismissed their own claims with the express purpose of creating a final judgment for appeal. *Id.* at 1711. The plaintiffs then appealed only the district court's interlocutory order striking their class allegations. *Id.* The Supreme Court held that "the voluntary dismissal essayed by respondents does not qualify as a 'final decision' within the compass of § 1291." *Id.* at 1707. The Court explained that this "tactic would undermine § 1291's firm finality principle, designed to guard against piecemeal appeals, and subvert the balanced solution Rule 23(f) put in place for immediate review of class-action orders." *Id.*

The parties' mutual settlement for consideration in this case does not raise the same concerns. Unlike the plaintiffs in *Baker*, Brown and De La Rosa continued litigating their remaining individual claims after the district court denied class certification. Some of these individual claims resolved in favor of Defendants and some resulted in settlement. No facts suggest that Brown and De La Rosa engaged in sham tactics to achieve an appealable final judgment. The resolution of the present case was not a unilateral dismissal of claims, but a mutual settlement for consideration reached by both parties which expressly preserved certain claims for appeal. This case is unlike *Baker*, where the plaintiffs openly intended to sidestep Rule 23(f) when they voluntarily dismissed their claims.

## III

The settlement reached in this case does not implicate the concerns raised in *Baker* and constitutes a valid final judgment. Therefore, we have jurisdiction under 28 U.S.C. § 1291 to consider the appeal on the merits.[1]

**MOTION DENIED.**

---

[1] All other issues presented by this case are discussed in the memorandum disposition filed concomitantly with the order.