NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 1 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHILIP BOBBITT, individually and on behalf of all others similarly situated; et al., <br><br> Plaintiffs, <br><br> and <br><br> LANCE LABER, <br><br>   Intervenor-Plaintiff-Appellant, <br><br>  v. <br><br> MILBERG LLP; et al., <br><br> Defendants-Appellees. | No.   13-15812 <br><br> D.C. No. 4:09-cv-00629-FRZ <br> District of Arizona, <br> Tucson <br><br> ORDER |

On Remand from the
United States Supreme Court

Before:  THOMAS, Chief Judge, OWENS, Circuit Judge, and BATTAGLIA,[*] District Judge.

This case returns to us pursuant to the Supreme Court's order remanding in

light of *Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017).

---

   [*]     The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

When the district court denied class certification in this case, Plaintiffs Philip Bobbitt and John J. Sampson stipulated to voluntary dismissal with prejudice of their personal claims, and Intervenor-Plaintiff-Appellant Lance Laber intervened solely for the purpose of appealing the denial of class certification. In *Microsoft*, the Supreme Court held that 28 U.S.C. § 1291 does not establish jurisdiction over an appeal from a denial of class certification where the named plaintiffs have stipulated to the dismissal with prejudice of their individual claims in order to obtain a final judgment. 137 S. Ct. at 1715. As that is precisely the procedural posture here, this court lacks appellate jurisdiction over this case. *Cf. Brown v. Cinemark USA, Inc.*, 876 F.3d 1199, 1201 (9th Cir. 2017).

Accordingly, we DISMISS this appeal for lack of jurisdiction. The parties shall bear their own fees and costs on appeal. A certified copy of this order shall constitute the mandate.