**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-17-1309-LLsTa |
| RODRIGO CHACON, | Bk. No. 2:17-bk-10256-VZ |
| Debtor. | Adv. No. 2:17-ap-01347-VZ |
| RODRIGO CHACON, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| TRINITY FINANCIAL SERVICES, LLC; SPECIAL DEFAULT SERVICES, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., | |
| Appellees. | |

Argued and Submitted on June 21, 2018
at Pasadena, California

Filed – July 3, 2018

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Vincent Zurzolo, Bankruptcy Judge, Presiding

———

Appearances:     Appellant Rodrigo Chacon argued pro se; Steven M.
Dailey of Kutak Rock Llp argued for Appellee Mortgage
Electronic Registration Systems, Inc.; Richard J. Reynolds
and Rafael R. Garcia-Salgado of Burke, Williams &
Sorenson, LLP on brief for Appellees Trinity Financial
Services, LLC and Special Default Services, Inc.

———

Before: Lafferty, Taylor, and Lastreto,[**] Bankruptcy Judges.

## INTRODUCTION

Debtor appeals the bankruptcy court's dismissal of his adversary complaint. Because Debtor has not provided this Panel with a transcript explaining the reasons for the dismissal, we DISMISS this appeal for failure to provide an adequate record.

---

[**]Hon. René Lastreto II, United States Bankruptcy Judge for the Eastern District of California, sitting by designation.

Rodrigo Chacon filed a chapter 13[2] bankruptcy petition in January 2017.The case was dismissed pre-confirmation in December 2017 due to Mr. Chacon's failure to comply with chapter 13 requirements, including failure to make plan payments and failure to propose a confirmable plan.

During the pendency of the chapter 13 case, Appellee Trinity Financial Service, LLC ("Trinity") moved for relief from stay to permit it to proceed with a foreclosure sale of Mr. Chacon's residence. The proof of service attached to the motion indicated that the motion was served on Mr. Chacon by mail on May 16, 2017 at 1110 W. "Mausetania" Street[3] and was served on Mr. Chacon's attorney, Nicholas M. Wajda, via notice of electronic filing on the same date. Mr. Chacon did not file an opposition, and on June 7, 2017, the court entered an order granting the motion and waiving the 14-day stay provided in Rule 4001(a)(3). The order was served electronically on Mr. Wajda

---

[1]Because Appellant did not provide any excerpts of record, we have exercised our discretion to examine the bankruptcy court's docket and imaged papers in the main bankruptcy case and related adversary proceedings. *See Woods & Erickson LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

[2]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[3]Mr. Chacon's original bankruptcy petition listed his address as 1110 W. Mausetania Street. Mr. Chacon filed a change of address on August 1, 2017 changing the spelling of the street name to "Mauretania."

on June 7, 2017 and mailed to Mr. Chacon by the Bankruptcy Noticing Center on June 9, 2017. According to Mr. Chacon, a trustee's sale of his residence occurred on June 9, 2017.

Mr. Chacon filed an amended ex parte motion to "revert" the trustee's sale on June 29, 2017, which the bankruptcy court denied "for lack of evidence and lack of cause." Mr. Chacon did not appeal the order. Instead, on July 10, 2017, Mr. Chacon filed an adversary complaint against Appellees and others, including Mr. Wajda, seeking declaratory relief to quiet title to his residence and to "revert" the trustee's sale of the residence. The caption to the complaint listed four causes of action: (1) "Complaint of Declaratory Relief for Quiet Title Action Against All Defendants"; (2) "Violations of 11 U.S.C."; (3) "Fraud"; and (4) "Abusive/Illegal Trustee Sale."

Mr. Chacon alleged in the complaint that:

- He was not afforded an opportunity to object to or appeal the order granting relief from stay because the sale was held only two days after entry of the order.

- Trinity and Special Default Services, Inc. ("SDS") acted in bad faith to "defraud me from my rights" to object to or appeal the order granting relief from stay.

- Mr. Wajda neglected to respond to the stay relief motion or otherwise keep Mr. Chacon informed of bankruptcy procedures.

- Counsel for SDS lied on its application for entry of the order

4

granting relief from stay by stating that the application was made on regular notice "when in fact [sic] was made on the SHORT NOTICE obviously with the intention to defraud me."[4]

- Trinity and SDS did not have the right to foreclose because they were not the original lienholders, the chain of title had been broken, and Mortgage Electronic Registration Systems ("MERS") committed an illegal assignment because the loan at issue was a home equity line of credit that did not include the right to foreclose.

Mr. Chacon requested that the court sanction Trinity and SDS for violating the Bankruptcy Code; sanction and/or disbar Mr. Wajda; and "revert" the trustee's sale.

Several defendants, including MERS, filed motions to dismiss under Civil Rule 12(b)(6) (applicable via Rule 7012) for failure to state a claim upon which relief could be granted. Mr. Chacon thereafter filed two amended complaints. The first amended complaint purported to dismiss four

---

[4]Rule 9013-1(d) of the Local Bankruptcy Rules for the Central District of California designates a 21-day notice period for motions for relief from stay. Although Rule 9006(f) requires an additional three days' notice for service by mail, Appendix I to the Court Manual for the Bankruptcy Court for the Central District of California provides that the three additional days are not required when the deadline is determined by counting backward from a hearing date. Accordingly, notice to Mr. Chacon was timely.

5

defendants, including Mr. Wajda and MERS.[5] The second amended complaint purported to dismiss two more defendants and noted that Trinity and SDS were the "main defendants."[6] The second amended complaint added an allegation that Trinity and SDS had deliberately and maliciously served the relief from stay motion on Mr. Chacon at the wrong address. Mr. Chacon thereafter filed notices of dismissal with prejudice under Civil Rule 41(a)(1) (applicable via Rule 7041) of several defendants, including MERS.

A status conference was held in the adversary proceeding on September 21, 2017. Before the conference, Trinity filed a unilateral status report explaining that counsel had called Mr. Chacon "repeatedly" before filing the status report but had been unable to reach him.

On October 11, 2017, the bankruptcy court entered an order dismissing the adversary proceeding "[b]ased on the findings and conclusions made at the status conference."

Mr. Chacon timely appealed, naming Trinity, SDS, and MERS as appellees. MERS filed a motion to be dismissed from the appeal on grounds that Mr. Chacon had dismissed MERS with prejudice from the adversary proceeding. On March 9, 2018, a BAP motions panel issued an order deferring

---

[5]Although Mr. Chacon later filed Civil Rule 41(a)(1) notices of dismissal as to several defendants, including MERS, he never filed a notice of dismissal pertaining to Mr. Wajda.

[6]Mr. Chacon did not obtain leave of court to file his second amended complaint as required under Civil Rule 15(a)(2) (applicable via Rule 7015).

consideration of MERS' motion to dismiss for consideration with the merits.

Mr. Chacon did not file any excerpts of record. Importantly, Mr. Chacon did not provide a copy of the transcript of the September 21, 2017 hearing. The motions panel issued an order warning Mr. Chacon that Rule 8009(a)(4) requires the record on appeal to include "any opinion, findings of fact, and conclusions of law related to the issues on appeal, including transcripts of all oral rulings." The motions panel also warned that "failure to provide a necessary transcript may result in dismissal of the appeal or summary affirmance of the bankruptcy court's decision." The order required Mr. Chacon to file a response indicating whether he intended to order a transcript. Mr. Chacon filed a response to the BAP order indicating that he did not intend to provide a transcript "because there was nothing argued and there is not any transcript written to be ordered . . . ." Notably, Mr. Chacon did not state that the bankruptcy court made no findings at the hearing.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(O). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether this appeal should be dismissed for failure to provide an adequate record.

## DISCUSSION

Rule 8009(a)(4) provides that the record on appeal "must" include "any

7

opinion, findings of fact, and conclusions of law related to the issues on appeal, including transcripts of all oral rulings[.]" *See also McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 417 (9th Cir. BAP 1999). Failure to provide a sufficient transcript is grounds for dismissal or summary affirmance. *Kyle v. Dye (In re Kyle)*, 317 B.R. 390, 393 ( 9th Cir. BAP 2004), *aff'd*, 170 F. App'x 457 (9th Cir. 2006). Ordinarily we must consider alternative sanctions before affirming or dismissing on grounds of an inadequate record, but if informed review is impossible in light of the record provided, we need not do so as we have little choice but to affirm or dismiss. *See id. (citing Morrissey v. Stuteville (In re Morrissey)*, 349 F.3d 1187, 1191 (9th Cir. 2003)). *See also Ehrenberg v. California State Univ., Fullerton Found. (In re Beachport Entm't)*, 396 F.3d 1083, 1087 (9th Cir. 2004) (noting that where procedural violations are egregious, an explicit discussion of alternative sanctions is not required).

Here, we are left to guess at the grounds for dismissal. Mr. Chacon's briefs merely restate the arguments made in his adversary complaints and do not provide any basis on which this Panel can review the bankruptcy court's decision to dismiss the adversary proceeding.[7]

As for MERS' motion to be dismissed from this appeal, voluntary dismissals with prejudice pursuant to a settlement and voluntary dismissals

---

[7]Because the underlying chapter 13 case has been dismissed, it is doubtful there would be sufficient grounds for the bankruptcy court to retain jurisdiction over the adversary proceeding even if we were to reverse the dismissal order. *See Carraher v. Morgan Electronics, Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir. 1992).

without prejudice are generally not appealable. *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995). In some cases, however, a voluntary dismissal with prejudice that produce an adverse final judgment may be appealed, *Ward v. Apple Inc.*, 791 F.3d 1041, 1045 (9th Cir. 2015), although recent case law suggests that such a dismissal may not be appealable where the appellant engaged in some form of sham tactics or opportunism to manufacture appellate jurisdiction. *Brown v. Cinemark USA, Inc.*, 876 F.3d 1199, 1201 (9th Cir. 2017), interpreting *Microsoft Corp. v. Baker*, ___ U.S. ___, 137 S. Ct. 1702 (2017). Here, Mr. Chacon dismissed MERS with prejudice. But we need not further evaluate the issue; our dismissal of the appeal on alternative grounds renders MERS' motion to dismiss moot.

## CONCLUSION

Because we are unable to review the bankruptcy court's ruling, we DISMISS this appeal for failure to provide an adequate record. We deny MERS' motion to dismiss as moot.