**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERNARDINA RODRIGUEZ, on behalf of herself, all others similarly situated, and the general public,<br>            *Plaintiff-Appellant*,<br><br>                v.<br><br>TACO BELL CORP., a California corporation,<br>            *Defendant-Appellee.* | No. 16-15465<br><br>D.C. No.<br>1:13-cv-01498-SAB<br><br>OPINION |

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding

Argued and Submitted December 7, 2017
San Francisco, California

Filed July 18, 2018

Before: Mary M. Schroeder and N. Randy Smith, Circuit
Judges, and Sara Lee Ellis,[*] District Judge.

Opinion by Judge Schroeder

---

[*] The Honorable Sara Lee Ellis, United States District Judge for the
Northern District of Illinois, sitting by designation.

## SUMMARY[**]

### California Employment Law

The panel affirmed the district court's judgment in favor of Taco Bell Corp. in a putative class action concerning employee meal breaks.

After the district court granted summary judgment to Taco Bell on most of plaintiff's claims, the court granted plaintiff's request that the district court dismiss the remaining pending claim. As a threshold jurisdictional issue, the panel held that the dismissal with prejudice created a valid final judgment for purposes of 28 U.S.C. § 1291.

California Wage Order 5-2001 requires employees be relieved of all duty during a requisite meal period. During plaintiff's period of employment, Taco Bell offered thirty-minute meal breaks that were fully compliant with California's requirements, but with a special offer that employees could purchase a meal from the restaurant at a discount, provided they ate the meal in the restaurant.

The panel held that California law was not violated because Taco Bell relieved their employees of all duties during the meal break period and exercised no control over their activities, where employees were free to use the thirty minutes in any way they wished, subject only to the restriction that if they purchased a discounted meal, they had to eat in the restaurant. The panel rejected plaintiff's

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

contention that employees were under sufficient employer control to render the time compensable. The panel also rejected plaintiff's assertion that the value of the discounted meals be added to the regular rate of pay for overtime purposes.

## COUNSEL

H. Scott Leviant (argued) and Shaun Setareh, Setareh Law Group, Beverly Hills, California, for Plaintiff-Appellant.

Nora K. Stiles (argued) and Tracey A. Kennedy, Sheppard Mullin Richter & Hampton LLP, Los Angeles, California; Morgan P. Forsey, Sheppard Mullin Richter & Hampton LLP, San Francisco, California; for Defendant-Appellee.

## OPINION

SCHROEDER, Circuit Judge:

This case is about the meal breaks that California law requires an employer provide to employees after they have worked a certain number of hours. The Plaintiff-Appellant, Bernardina Rodriguez ("Plaintiff"), was for many years a restaurant employee of the Defendant-Appellee, Taco Bell Corp. ("Taco Bell"). During that time Taco Bell offered thirty-minute meal breaks that were fully compliant with California's requirements, but with a special offer that employees could purchase a meal from the restaurant at a discount, provided they ate the meal in the restaurant. That policy was intended to prevent theft. Employees were not required to purchase the discounted meal. The purchase was

voluntary. Plaintiff filed this putative class action contending that she was entitled to be paid a premium rate for the time spent on the employer's premises eating the discounted meals during her meal breaks. Her theory is that because the employer required the discounted meal to be eaten in the restaurant, the employee was under sufficient employer control to render the time compensable.

The district court agreed with Taco Bell that California law was not violated because the employees were free to use the thirty minutes in any way they wished, subject only to the restriction that if they purchased a discounted meal, they had to eat it in the restaurant. We affirm. Taco Bell relieved their employees of all duties during the meal break period and exercised no control over their activities within the meaning of California law.

## Background

Plaintiff worked for Taco Bell in its restaurant in Suisun City, California, from approximately August 2005 to December 2012. She was a "Team Member" whose duties included preparing and cooking food and cleaning. She received a copy of the Taco Bell Restaurant Orientation Handbook ("Handbook") that, along with other descriptions of various applicable procedures and policies, set forth the company's discounted meal policy; it was contained in the Handbook section entitled "Rules for Rest Breaks, Meal Periods & Discounted Meals."

The introduction to that section stated that "[e]veryone needs and deserves a rest break or meal period when working. Taco Bell wants you to feel refreshed and productive while you work by following a few simple rules." The rules

required employees take rest breaks and meal periods away from "[t]he food production area" and "[t]he cash register service area." The policy then provided that Taco Bell employees could receive discounted meals and complimentary drinks, provided employees observed the following rules:

> When you work a shift of two (2) or more hours, you may eat one (1) discounted meal. Follow these rules:
>
> • You can receive a discounted meal immediately before, during or after your shift.
>
> • You must eat your discounted meal in the restaurant.
>
> • You must go to the front counter and place your order as a Guest.
>
> • You and your manager must sign the register receipt and place the signed receipt in the cash register drawer.

It is not disputed that the purchase of the discounted meals was on a voluntary basis, and that there was no requirement that employees ever purchase Taco Bell products. A Taco Bell representative explained the purpose of the discounted meal policy was to provide the meal as a benefit that employees could choose to take advantage of each shift. The requirement that the meal be eaten on the premises was to ensure that the benefit was utilized only by employees and that the food did not leave the premises to be

given to friends and family. In other words, employees had to consume the discounted food in the restaurant to prevent theft. The policy apparently was popular. The Plaintiff availed herself of a discounted meal almost every shift, and brought lunch from home only about once a month.

Plaintiff filed this action in California State Court on May 16, 2013, and Taco Bell removed it to federal district court. The crux of Plaintiff's theory is that Taco Bell's on-premises discount policy subjected the employees to sufficient employer control to render the time employees spent consuming the meals as working time under California law. Plaintiff's operative complaint alleges that Taco Bell violated California law by: (1) failing to provide uninterrupted, duty-free meal periods, or premium wages in lieu thereof; (2) failing to provide rest periods, or premium wages in lieu thereof; (3) failing to calculate regular hourly and overtime wages at a rate that reflected the value of the discount; (4) failing to provide accurate written wage statements; and (5) failing to timely pay all final wages to employees upon end of their employment with Taco Bell.

The district court granted summary judgment for Taco Bell on the first two claims. The court observed that under the discounted meal policy, employees were free to use the meal break time as they wished, and that a requirement to remain on the premises was imposed only if an employee voluntarily chose to purchase a discounted meal. Imposition of that condition does not satisfy the applicable test of control under California law as set forth in the leading California Supreme Court decision, *Brinker Restaurant Corp. v. Superior Court*, 273 P.3d 513 (Cal. 2012). The district court denied Plaintiff's motion for summary judgment on the third claim, the regular rate claim, on the ground that Plaintiff

failed to provide any evidence of the reasonable cost or fair value to Taco Bell of the employee discount. The district court denied Plaintiff's motion for summary judgment on her remaining claims on the ground that they were derivative of her other claims.

## Appellate Jurisdiction

There is a threshold jurisdictional issue. When the district court granted summary judgment in October 2014 to Taco Bell on most of Plaintiff's claims, the court also denied Plaintiff's motion for summary judgment on the regular rate claim, so that it remained pending.

On March 2, 2016, Plaintiff requested "the Court dismiss with prejudice the [regular rate] claim[] that remained in th[e] case after the Court's October 23, 2014 summary judgment order." The court did so and its dismissal resulted in a final judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, which grants an appeal as of right from a final judgment. *See Concha v. London*, 62 F.3d 1493, 1507–09 (9th Cir. 1995) (recognizing that a voluntary dismissal with prejudice of all remaining claims results in an appealable final judgment permitting review of all earlier orders).

That result is not affected here by the Supreme Court's subsequent decision in *Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017). That case involved an attempt to use the voluntary dismissal mechanism to obtain an appeal as of right in order to review an earlier denial of class certification. The Supreme Court held the denial of class certification was not reviewable because plaintiffs had already been denied a discretionary appeal pursuant to Federal Rule of Civil Procedure 23(f). *See Baker*, 137 S. Ct. at 1714–15 ("If

respondents' voluntary-dismissal tactic could yield an appeal of right, Rule 23(f)'s careful calibration . . . would be severely undermined.") (citation and internal quotation marks omitted).  This case does not involve an attempt to obtain review of a class certification issue.  As we recognized in our post-*Baker* decision in *Brown v. Cinemark USA, Inc.*, 876 F.3d 1199, 1201 (9th Cir. 2017), a voluntary dismissal of remaining claims can render the earlier interlocutory order appealable, so long as the discretionary regime of Rule 23(f) is not undermined.

Since this is an appeal seeking review of a partial summary judgment order, not a class-certification denial, our decision in *Brown*, as well as our pre-*Baker* decision in *Concha*, control, and Plaintiff's dismissal with prejudice creates a valid final judgment for purposes of 28 U.S.C. § 1291.

## The Discounted Meal Policy

California requires non-exempt employees be afforded rest breaks and meal periods after working a certain number of hours.  *See* Cal. Labor Code §§ 226.7, 512.  Relevant to this case is the requirement that employees who work more than five hours in a day be afforded a meal period of "not less than 30 minutes."  *Id.* § 512(a).  Employees who work more than ten hours in a day must be provided a second meal period of the same duration.  *Id.*

The applicable regulation governing meal periods, rest breaks, and overtime pay in the restaurant industry, California Wage Order 5–2001 ("Wage Order 5"), requires employees be relieved of "all duty" during the meal period.  Cal. Code

Regs., tit. 8, § 11050, subd. 11(A). It provides, in relevant part, that:

> Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.

*Id*. The remedy for failure to provide a meal or rest break required by statute or regulation is premium wages: "one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Labor Code § 226.7(c).

The California Supreme Court's decision in *Brinker* provides the authoritative standard to be applied. In *Brinker*, non-exempt employees brought a putative class action against the owners of various well-known restaurants for failure to provide rest and meal breaks, or premium wages in lieu of both, under Wage Order 5. *Brinker*, 273 P.3d at 521. The court held that employers fulfill their obligation to provide meal periods to their employees when they relieve their "employees of all duty, relinquish[] control over their activities and permit[] them a reasonable opportunity to take an uninterrupted 30-minute break, and do[] not impede or discourage them from doing so." *Brinker*, 273 P.3d at 536–37.

In this case, Plaintiff does not dispute that the condition of consumption-on-premises is to ensure discounted purchases are not taken off the premises and given to others. Plaintiff argues, however, that despite the restriction's purpose, employees are under employer control during the meal period. She contends the legal effect is that they are "on duty" for purposes of California Wage Order 5, and the time must be counted as time worked. Taco Bell counters that imposing the on-premises condition does not place the employees "on duty"; the purchase is entirely voluntarily, and employees are free to choose to spend their break time however they please.

On the basis of the undisputed facts in this case, we conclude that Taco Bell's meal policy satisfies the standard set forth in *Brinker*, because the company relieves employees of all duty and relinquishes control over their activities. Taco Bell does not require the employee to purchase a discounted meal. The purchase of the meal is entirely voluntary. Plaintiff has not alleged nor introduced any evidence to show that Taco Bell pressured its employees to purchase the discounted meals. Employees are free to leave the premises or spend their break time in any way that they choose that does not interfere with Taco Bell conducting its business. For that matter, employees are free to purchase meals at full price and eat them wherever the employees wish. The company does not otherwise interfere with the employees' use of the break time or require the employees to serve the interests of Taco Bell. Nor has Plaintiff alleged or introduced any evidence to show that her employer required or pressured her to conduct work activities while on premises during the meal period. Taco Bell's policy indeed appeared to prohibit this, as employees were required to take rest breaks and meal

periods away from "[t]he food production area" and "[t]he cash register service area."

The Plaintiff nevertheless emphasizes that employers must compensate employees when they are under the employer's control, regardless of whether employees are required to work, citing *Morillion v. Royal Packing Co.*, 995 P.2d 139 (Cal. 2000). In *Morillion*, however, the employer required employees to travel to work on employer-provided buses. *Id.* at 141. Employees had no choice. Indeed the employer's work rules "prohibited employees from using their own transportation to get to and from the fields" where they worked. *Id.* (footnote omitted). The travel time was therefore considered hours worked and compensation was required. *Id.* at 147. But the court was careful to limit its holding to those policies that compelled employee participation. If employers offered a benefit or service that employees could choose, but were not required to take advantage of, compensation was not required. *Id.* Employers, the court said, "may provide optional free transportation to employees without having to pay them for their travel time, as long as employers do not require employees to use this transportation." *Id.* at 152. That is our case.

It is true that in California an employer may so burden the use of employees' break time that employees must be considered "on duty." Good examples are found in *Augustus v. ABM Security Services, Inc.*, 385 P.3d 823 (Cal. 2016) and *Madera Police Officers Ass'n v. City of Madera*, 682 P.2d 1087 (Cal. 1984). In both cases, the employees were required to be "on call" during their breaks, and subject to performing duties on behalf of the employer. In *Augustus*, the employees were required to carry a device so that the employer could

reach the employee during the break if services were needed. *Augustus*, 385 P.3d at 832. The California Supreme Court said that such an arrangement was "irreconcilable with employees' retention of freedom to use rest periods for their own purposes." *Id.* In *Madera*, the employees were not only on call, but were forbidden to conduct any personal business. *See Madera*, 682 P.2d at 1089.

This case is not remotely similar. The employees are not on call and are free to use the time in any way they wish. In sum, the discounted meal policy was intended as a benefit to the employees, and one that the employer could discontinue if it were to result in a requirement to compensate employees who take advantage of it. The district court properly granted summary judgment in favor of Taco Bell.

Plaintiff raises an additional claim relating to the value of the discounted meals. She asserts that the discount value must be added to the regular rate of pay for overtime purposes. Wage Order 5 requires that employees who work more than eight hours in any workday, or more than forty hours in any workweek, receive one and one-half times that employee's "regular rate of pay" for all hours worked over forty hours in any workweek. Cal. Code Regs., tit. 8, § 11050, subd. 3(A)(1). It appears that this regular rate claim is derivative of her challenge to Taco Bell's discounted meal policy, since the overtime she seeks is predicated on counting the time spent eating meals as on-duty time. *See* Pl.'s First Am. Compl. at ¶ 58. Accordingly, because we have held Plaintiff is not entitled to be paid for her time eating the meals, she is not entitled to overtime pay for it.

Even assuming the regular rate claim is not completely derivative of her meal break claim and refers to overtime

hours worked apart from meal breaks, and even assuming further that the value of the meal could be considered part of her compensation, she has not established that value. The district court properly denied Plaintiff's motion for summary judgment. The additional compensation she would receive from Taco Bell would be the reasonable cost of the meal to Taco Bell. *See* 29 C.F.R. § 778.116 ("Where payments are made to employees in the form of goods or facilities which are regarded as part of wages, the reasonable cost to the employer or the fair value of such goods or of furnishing such facilities must be included in the regular rate."); *Prachasaisoradej v. Ralphs Grocery Co.*, 165 P.3d 133, 147 n.14 (Cal. 2007) ("California follows the federal standard for purposes of determining, under the Labor Code, what constitutes an employee's regular pay subject to an overtime rate."). Plaintiff relies only upon the dollar amount of the discount from the retail price. She has failed to produce any evidence showing the "reasonable cost" or "fair value" to Taco Bell of furnishing the discounted meal. The district court thus properly denied Plaintiff's motion for summary judgment on that basis and she has made no further showing.

**AFFIRMED.**