NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NICOLAS TORRENT, on Behalf of
Himself and All Others Similarly Situated,

Plaintiff-Appellant,

v.

YAKULT U.S.A., INC.,

Defendant-Appellee.

No.   16-56338

D.C. No.
8:15-cv-00124-CJC-JCG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted December 7, 2017
Pasadena, California

Before:  NGUYEN and FRIEDLAND, Circuit Judges, and BLOCK,[**] District
Judge.

Nicolas Torrent ("Torrent") brought a putative class action against Yakult

U.S.A., Inc. ("Yakult"), claiming false advertising under California state law based

on Yakult's alleged misrepresentations regarding its probiotic yogurt beverage.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Frederic Block, United States District Judge for the
Eastern District of New York, sitting by designation.

The district court denied Torrent's motions for class certification and reconsideration and, later, granted his motion to voluntarily dismiss the operative complaint with prejudice. Torrent appealed, seeking review of the district court's orders denying certification and reconsideration. Yakult moves to dismiss the appeal. We assume the parties' familiarity with the facts and procedural history.

Yakult argues that we lack appellate jurisdiction in light of *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1712 (2017), which held that appellate courts lack jurisdiction to review orders denying class certification after the named plaintiffs have voluntarily dismissed their individual claims with prejudice. We agree, finding no meaningful distinction between the voluntary dismissal here and the tactic rejected in *Baker*. Accordingly, Yakult's motion is granted.[1]

We note that dismissal of the appeal does not necessarily end the litigation. When Torrent sought to voluntarily dismiss the case, the law of this circuit was that a plaintiff could secure an appealable order by that means. *See Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1066 (9th Cir. 2014); *Concha v. London*, 62 F.3d 1493, 1509 (9th Cir. 1995). *Baker* was pending in the Supreme Court at that time, but had not yet been decided.

Under appropriate circumstances, a district court may grant relief from a voluntary dismissal under Federal Rule of Civil Procedure 60(b)(6) based on an

---

[1] Torrent's motion to take judicial notice, dated July 16, 2018, is denied.

intervening change in the law. *See Phelps v. Alameida*, 569 F.3d 1120, 1133–34 (9th Cir. 2009); *see also In re Hunter*, 66 F.3d 1002, 1004 (9th Cir. 1995) ("Courts have held [a voluntary dismissal] is a judgment, order, or proceeding from which Rule 60(b) relief can be granted."). *Phelps* calls for a "case-by-case inquiry" into "a number of factors." 569 F.3d at 1133–35. Several of those factors point—at least at first blush—in favor of granting relief here. Torrent sought a voluntary dismissal specifically to pursue an appeal, thus negating any claim that setting aside the dismissal would "disturb[] the parties' reliance interest in the finality of the case." *Phelps*, 569 F.3d at 1137. Furthermore, he is a member of a limited set of plaintiffs whose appeals were pending when *Baker* was decided. Granting relief to such plaintiffs would not "indefinitely render preexisting judgments subject to potential challenge." *Id.* at 1138. Finally, there is an intimately "close connection," *id.* at 1139, between this case and *Baker*. Torrent relied on circuit authority clearly approving his chosen means of pursuing an appeal. *Baker* directly abrogated that authority. Considerations such as these led one district judge to vacate a pre-*Baker* voluntary dismissal under Rule 60(b)(6). *See Connelly v. Hilton Grand Vacations Co.*, Case No. 12-CV-599, 2017 WL 5194598 (S.D. Cal. Nov. 9, 2017).

The appeal is DISMISSED.

*Torrent v. Yakult U.S.A., Inc.*, No. 16-56338

FRIEDLAND, Circuit Judge, dissenting:

The majority holds that we lack appellate jurisdiction under *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1712 (2017) ("*Baker*"). However, because I believe Torrent's voluntary dismissal can be meaningfully distinguished from the situation in *Baker*, I respectfully dissent. Instead, I would hold that, in light of prior Ninth Circuit cases that are not clearly irreconcilable with *Baker*, we can properly exercise appellate jurisdiction under 28 U.S.C § 1291. *See, e.g.*, *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995).

There are three primary distinctions between this case and *Baker*. First, the district court order that Torrent seeks to appeal was specific to Torrent's individual claim for injunctive relief, and was about Rule 23 class certification only to the extent that an individual plaintiff must have an individual claim in order to represent a class. Second, Torrent voluntarily dismissed with prejudice his separate individual claims for restitution and declaratory relief, not the injunctive relief claim underlying the class allegation he pursues on appeal. And, third, Torrent's dismissal of his restitution and declaratory relief claims was truly final— without any preservation of a right to reinstate them if an appeal succeeded, as existed in *Baker*. In my view, these differences mean that this case does not

implicate the Supreme Court's concerns in *Baker* about end runs around Rule 23(f) or about avoiding piecemeal appeals. *Baker*, 137 S. Ct. at 1713.

Under *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc), to deprive us of jurisdiction, *Baker* has to be clearly irreconcilable with our prior caselaw under which we would have jurisdiction. *See, e.g.*, *Concha*, 62 F.3d at 1507 (holding that a plaintiff may appeal a voluntary dismissal "when it is with prejudice to his right to commence another action for the same cause or otherwise subjects him to prejudicial terms or conditions"); *Ward v. Apple, Inc.*, 791 F.3d 1041, 1046 (9th Cir. 2015). Because the majority's approach is not the *only* possible way of interpreting *Baker*'s reach, and there is another way of looking at it under which *Concha* and other prior cases are reconcilable with *Baker*, I believe we have jurisdiction. *Cf. Brown v. Cinemark USA, Inc.*, 876 F.3d 1199, 1201 (9th Cir. 2017) (holding that *Baker* did not deprive us of jurisdiction over any appeal of a class certification denial in which the parties dismissed with prejudice individual claims pursuant to a settlement).

Because I believe we have jurisdiction so should reach the merits of Torrent's appeal, I respectfully dissent.