NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEAH MARKS, individually and on behalf of S.M. and S. M., | No. 17-16909 |
| Plaintiffs-Appellants, | D.C. No. 3:16-cv-04688-VC |
| v. | MEMORANDUM[*] |
| SANTA ROSA CITY SCHOOLS and AMBER FOX, individually, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted December 20, 2018[**]
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and Márquez[***] District Judge.

Leah Marks ("Marks") and S.M. (collectively, "Appellants") appeal the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) of S.M.'s claims against Santa Rosa City Schools ("SRCS") and Amber Fox ("Fox").

**1.** We have jurisdiction pursuant to 28 U.S.C. § 1291. Although a district-court order dismissing a plaintiff's claims with leave to amend is typically not a final, appealable decision, a plaintiff may elect to stand on the pleading and appeal the district court's Rule 12(b)(6) determination by notifying the district court that she does not intend to amend and obtaining a final judgment. *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136-37 (9th Cir. 1997) (en banc); *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004). Appellants notified the district court that they did not intend to amend S.M.'s claims, voluntarily dismissed Marks's claim with prejudice in order to pursue an immediate appeal of the dismissal of S.M.'s claims, and obtained a final judgment. *See Rodriguez v. Taco Bell Corp.*, 896 F.3d 952, 955-56 (9th Cir. 2018); *Edwards*, 356 F.3d at 1065; *WMX Techs.*, 104 F.3d at 1136-37.

**2.** On appeal of an order granting a Rule 12(b)(6) motion to dismiss, "we evaluate the complaint de novo to decide whether it states a claim upon which relief could be granted, if the facts alleged were proved." *Gonzalez v. Metro. Transp. Auth.*, 174 F.3d 1016, 1018 (9th Cir. 1999). In Appellants' first amended complaint, S.M. asserted an equal protection claim against Fox pursuant to 42 U.S.C. § 1983 and a disparate treatment claim against SRCS pursuant to Title VI

of the Civil Rights Act of 1964, 42 U.S.C. § 2000d.  The district court correctly held that S.M.'s § 1983 claim is not subsumed within her Title VI claim, *see Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 258-59 (2009), but that both claims were insufficiently pled.

The first amended complaint contains conclusory allegations of racial discrimination, but it does not allege facts sufficient to support a reasonable inference that Fox's alleged mistreatment of S.M. was racially motivated.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  The complaint does not allege any overtly racially motivated conduct, nor does it contain allegations that could support a reasonable inference of discriminatory intent by providing context to Fox's alleged misconduct.  There were no allegations concerning, for example, the racial makeup of the school or of S.M.'s playground cohort, how Fox treated other African-American or mixed-race children, or how similarly situated white children were treated.  Accordingly, S.M. failed to state a § 1983 equal protection claim against Fox.  *See Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998).

For similar reasons, the first amended complaint does not allege facts sufficient to support a reasonable inference that SRCS had actual notice of an employee's racial discrimination and was deliberately indifferent.  *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 292-93 (1998).  S.M. therefore failed to

3

state a Title VI disparate treatment claim against SRCS.

**AFFIRMED.**