**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LISA STRUGALA, an individual, on
behalf of herself and on behalf of the class
of all others similarly situated,

          Plaintiff-Appellant,

v.

FLAGSTAR BANK, FSB, a Federal
Savings Bank,

          Defendant-Appellee.

No. 19-16774

D.C. No. 5:13-cv-05927-EJD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted November 19, 2020
San Francisco, California

Before: THOMAS, Chief Judge, and SCHROEDER and BERZON, Circuit
Judges.

     Plaintiff-Appellant Lisa Strugala appeals the district court's decision

dismissing her claims for breach of contract, breach of the implied covenant of

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

good faith and fair dealing, and fraud against Defendant-Appellee Flagstar Bank, FSB ("Flagstar") without leave to amend. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts of this case, we need not recount them here.

We assess our own jurisdiction de novo. *Townsend v. Univ. of Alaska*, 543 F.3d 478, 482 (9th Cir. 2008). We review a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6) de novo. *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). We review a district court's denial of leave to amend a complaint for abuse of discretion. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

1. The district court dismissed all but one of Strugala's claims without leave to amend. Her decision not to amend her remaining claim, which she does not seek to revive on appeal, does not render the district court's judgment "manufactured" and does not deprive us of jurisdiction to review the district court's dismissal order. *See Rodriguez v. Taco Bell Corp.*, 896 F.3d 952, 955–56 (9th Cir. 2018).

2. Strugala has sufficiently alleged Article III standing. At the pleading stage, the "irreducible constitutional minimum of standing" requires the plaintiff to allege an injury in fact that is fairly traceable to the defendant's conduct and can be

redressed by a favorable court decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Strugala's Second Amended Complaint specifically alleges the amount of federal taxes she overpaid and the late fees and accounting costs she incurred as a result of Flagstar's mortgage-interest reporting practices and its decision not to disclose the change it made to those practices in 2011. Those injuries could be redressed by a judgment awarding her damages or restitution. Her allegations suffice to establish Article III standing at the pleading stage.

3. The district court properly dismissed Strugala's claims under California law for breach of contract, breach of the implied covenant of good faith and fair dealing, and fraud.

Strugala failed to state a claim for breach of contract. She conceded that her mortgage contract with Flagstar contained no express terms concerning Flagstar's mortgage interest reporting practices, and she instead asserted that Flagstar's compliance with 26 U.S.C. § 6050H was an implied term of the contract. Under California law, implied terms are disfavored "and should be read into contracts only upon grounds of obvious necessity," which is shown by satisfying a five-element test. *In re Marriage of Corona*, 92 Cal. Rptr. 3d 17, 31 (Cal. Ct. App. 2009). The district court correctly concluded that compliance with 26 U.S.C.

3

§ 6050H was not an implied term of the mortgage contract because Strugala's claim did not satisfy that test.

Under California law, the implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement," and it "exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the *benefits of the agreement actually made*." *Guz v. Bechtel Nat'l Inc.*, 8 P.3d 1089, 1110 (Cal. 2000). The district court correctly concluded that Strugala's theory of breach would improperly impose new substantive duties on Flagstar, and that her alleged loss of tax benefits and related injuries were not deprivations of benefits of the mortgage contract.

The district court correctly concluded that Strugala did not allege a plausible claim of fraud. The defendant's knowledge of falsity is an essential element of a fraud claim under California law. *Brakke v. Econ. Concepts, Inc.*, 153 Cal. Rptr. 3d 1, 4 (Cal. Ct. App. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal

conclusions." *Id.* The only *facts* Strugala alleged concerning Flagstar's knowledge of falsity were that it changed its mortgage interest reporting practices in 2011 and that it did not inform borrowers of the change. These facts are "consistent with" knowing deception, but they are "just as much in line" with a lawful change in business practices. *Twombly*, 550 U.S. at 554. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged —but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). The district court properly dismissed her fraud claim.

4.	The district court did not abuse its discretion by denying Strugala leave to file a Third Amended Complaint, which would have based her breach of contract claim on her deed of trust with Flagstar rather than her mortgage contract. The district court expressly considered each of the relevant factors governing whether to grant leave to amend and found undue delay and prejudice because Strugala sought to allege a new theory of liability nearly five years into the litigation based on facts that should have been apparent to her much earlier. A district court does not abuse its discretion by denying leave to amend based on undue delay where the facts underlying the proposed amendment were available to

the plaintiff throughout the litigation. *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

**AFFIRMED.**