**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WOMAN'S CLUB OF HOLLYWOOD, CALIFORNIA, | No.    18-55293 |
| Appellant, | D.C. No. 2:17-cv-04157-RGK |
| v. | MEMORANDUM* |
| JENNIFER MORGAN, | |
| Appellee. | |

| | |
|---|---|
| JENNIFER MORGAN, | No.    18-55324 |
| Appellant, | D.C. Nos.    2:17-cv-04157-RGK |
| v. | 2:17-cv-04252-RGK |
| WOMAN'S CLUB OF HOLLYWOOD, CALIFORNIA, Chapter 11 Trustee, | |
| Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted January 14, 2021
Pasadena, California

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  FRIEDLAND and BENNETT, Circuit Judges, and BLOCK,[**] District Judge.

The Woman's Club of Hollywood, California ("the Club"), filed for bankruptcy in December 2012, its third such filing in two years.  The bankruptcy court appointed a Chapter 11 Trustee, Heide Kurtz, who brought an adversary proceeding against Jennifer Morgan and other officers and directors of the Club.  After a bench trial, the bankruptcy court found Morgan liable for a breach of fiduciary duty and awarded Kurtz $160,903.48 in damages.

Both Morgan and Kurtz appealed to the district court, which affirmed in part, reversed in part, and vacated and remanded in part.  Morgan and Kurtz again appealed.[1]

The parties subsequently stipulated to a dismissal of the remanded claims.  Accordingly, the district court's judgment is now final and appealable.  *See Rodriguez v. Taco Bell Corp.*, 896 F.3d 952, 956 (9th Cir. 2018) (distinguishing *Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017)).  We therefore proceed to the merits.

---

[**]     The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

[1] As part of the Club's reorganization plan, Kurtz assigned her interest to the Club while this appeal was pending.  We therefore refer to Kurtz and the Club interchangeably, except where the context dictates otherwise.

1.      Kurtz did not fail to prove her standing to bring the adversary proceeding. The bankruptcy court appointed her Chapter 11 Trustee and, in approving the reorganization plan, authorized her to continue her duties as "Plan Trustee." The bankruptcy court took judicial notice of the appointments. Morgan challenges that decision on several procedural grounds, but we need not address them because formal judicial notice was unnecessary; it was sufficient for the bankruptcy court to rely on its knowledge of its own prior orders in the same case. *Cf. Mica v. Sun Life Assurance of Can., Inc.*, 874 F.3d 1052, 1055 n.5 (9th Cir. 2017) ("[I]t is unnecessary to take notice of documents contained in this court's docket.").

2.      The bankruptcy court did not err in finding that Morgan breached her fiduciary duty to the Club by disbursing part of the proceeds of the Scapa loan to herself. Morgan argues that she was entitled to the money as back salary, but the evidence she offered at trial reflected a board resolution to pay her "only if money exists." Even assuming, as Morgan contends, that the resolution constituted a written contract, it was contingent on "money exist[ing]," an ambiguous phrase in the circumstances. Therefore, it was not error for the bankruptcy court to consider extrinsic evidence. *See Morey v. Vannucci*, 75 Cal. Rptr. 2d 573, 578 (Ct. App. 1998) ("Extrinsic evidence is thus admissible to interpret the language of a written instrument, as long as such evidence is not used to give the instrument a meaning

3

to which it is not reasonably susceptible."). Nor did it clearly err in interpreting the conflicting evidence to find that the phrase referred to *income*, not borrowed funds. *Cf. id.* at 579 ("As trier of fact, it is the jury's responsibility to resolve any conflict in the extrinsic evidence properly admitted to interpret the language of a contract.").

3.      We agree with the district court that it was error for the bankruptcy court not to reduce its award by $19,000. There was unrebutted testimony that Morgan had returned that amount to the Club. Whether or not Morgan was entitled to payment of back salary, she is not liable for an amount that she actually returned to the Club.

4.      The Club argues that it was error for the bankruptcy court not to award additional damages flowing from the Scapa loan, in particular the $1.6 million the Club had to expend to prevent foreclosure as part of its reorganization plan. We agree that taking out a loan against the best interests of a corporation might constitute a breach of a fiduciary's duty to "exercise due care and undivided loyalty for the interests of the corporation." *Frances T. v. Vill. Green Owners Ass'n.*, 723 P.2d 573, 587 (Cal. 1986). But the record is unclear as to whether that happened here. The bankruptcy court variously found that the board did not approve the Scapa loan; that a loan was needed, "but not for that amount, not at that time;" and that the Club "couldn't get a loan for less" so it "had to have it for

4

that amount." Moreover, while the bankruptcy court found that Alda Shelton forged a board resolution approving the loan, it did not make any finding as to Morgan's knowledge of, or involvement in, Shelton's action.

Thus, although Kurtz advanced this claim at trial, the bankruptcy court did not explicitly decide whether taking out the Scapa loan was a further breach of Morgan's fiduciary duties to the Club. We remand to the district court with instructions for it to remand to the bankruptcy court to determine whether and, if so, how Morgan further breached her fiduciary duties. If the bankruptcy court finds that Morgan's role in taking out the loan amounted to a breach of fiduciary duty, it should then determine what damages flowed from that breach according to the general rule that "the faithless fiduciary shall make good the full amount of the loss of which his breach of faith is a cause." *Fragale v. Faulkner*, 1 Cal. Rptr. 3d 616, 622 (Ct. App. 2003) (quoting *Salahutdin v. Valley of Cal.*, Inc., 29 Cal. Rptr. 2d 463, 470 (Ct. App. 1994)).

AFFIRMED in part, VACATED in part, and REMANDED.