**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JAMES COLE, on behalf of himself and all others similarly situated,
*Plaintiff-Appellant*,

v.

CRST VAN EXPEDITED, INC., FKA CRST, Inc., an Iowa Corporation; DOES, 1–50, inclusive,
*Defendants-Appellees.*

No. 17-55606

D.C. No.
5:08-cv-01570-VAP-SP

ORDER CERTIFYING QUESTIONS TO THE CALIFORNIA SUPREME COURT

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Argued and Submitted November 5, 2018
Pasadena, California

Filed August 1, 2019

Before:  Johnnie B. Rawlinson and Andrew D. Hurwitz, Circuit Judges, and Stephen R. Bough,[*] District Judge.

Order

## SUMMARY[**]

### Certified Question to California Supreme Court

The panel certified the following questions of state law to the California Supreme Court:

> 1) Does the absence of a formal policy regarding meal and rest breaks violate California law?
>
> 2) Does an employer's failure to keep records for meal and rest breaks taken by its employees create a rebuttable presumption that the meal and rest breaks were not provided?

---

[*] The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**ORDER**

We certify the questions set forth in Part II of this order to the California Supreme Court. The answers to these questions are dispositive of this case, and are not answered by clear California precedent. *See* Cal. R. Ct. 8.548. We respectfully request that the California Supreme Court exercise its discretion to resolve the certified questions presented below. All further proceedings in this case are stayed pending final action by the California Supreme Court, and this case is withdrawn from submission until further order of this court.

## I.  Administrative Information

The caption of this case is:

No. 17-55606

JAMES COLE, on behalf of himself and all others similarly situated,

Plaintiff-Appellant,

v.

CRST VAN EXPEDITED, INC., FKA CRST, Inc.,

Defendant-Appellee.

The names and addresses of counsel are:

*For Plaintiff-Appellant James Cole*:  Deepak Gupta, Gupta Wessler PLLC, 1900 L Street, NW, Suite 312, Washington, D.C. 20036, James R. Hawkins and Gregory E. Mauro, James Hawkins APLC, Suite 200, 9880 Research Drive, Irvine, California 92618, and Stanley D. Saltzman, Marlin & Saltzman LLP, 29800 Agoura Road, Agoura Hills, California 91401.

*For Defendant-Appellee CRST Van Expedited, Inc.*:  James H. Hanson and R. Jay Taylor, Jr., Scopelitis, Garvin, Light, Hanson & Feary P.C., Suite 1400, 10 West Market Street, Indianapolis, Indiana 46204, and Christopher C. McNatt Jr., Scopelitis, Garvin, Light, Hanson & Feary, LLP, Suite 560, 2 North Lake Avenue, Pasadena, California, 91101.

## II. Certified Questions

1.  Does the absence of a formal policy regarding meal and rest breaks violate California law?

2.  Does an employer's failure to keep records for meal and rest breaks taken by its employees create a rebuttable presumption that the meal and rest breaks were not provided?

Our phrasing of these questions should not restrict the California Supreme Court's consideration of the issues involved.  *See* Cal. R. Ct. 8.548(f)(5).  We will accept and follow the decision of the California Supreme Court. *See* Cal. R. Ct. 8.548(b)(2).

**III.    Statement of Pertinent Facts**

In his second amended putative class action complaint, James Cole (Cole) alleged that he was employed by CRST Van Expedited, Inc. (CRST) as a truck driver in California. Cole sought to represent himself and other CRST drivers who did not receive the meal or rest breaks required under California law.  Cole alleged that "CRST Non-Exempt truck drivers were not provided rest periods for work periods of four hours or major fractions thereof or meal periods for work days in excess of five (5) and ten (10) hours . . ."  Cole also asserted that CRST drivers "were required to work through their daily rest periods and meal period(s), or work an on-duty meal period," "were severely restricted in their ability to take a meal period," and "were required to work through their second meal period(s), or work a second on-duty meal period." (internal quotation marks omitted). Cole maintained that CRST "neither permitted nor authorized [Cole] and Class Members to take lawful meal and rest periods."

Cole sought to represent the following class:

> All of [CRST's] California based drivers who are employed or have been employed by [CRST] in the State of California during the relevant time period who have performed work within California.

Cole sought to represent various subclasses of CRST drivers who were not provided the requisite meal and rest breaks, or compensation in lieu of the breaks.

The meal and rest period claims brought on behalf of the putative class depend on the provisions of Cal. Labor Code

§ 226.7 and Industrial Welfare Commission (IWC) Wage Order 9.

In his deposition, Cole related that he would sometimes purchase food from truck stops while refueling. Cole estimated that, on a daily basis, he averaged more than fifty miles per hour.[1] Cole agreed that it was up to him and his co-driver to decide the number of miles they traveled each day. CRST kept in contact with its drivers and monitored their progress through an onboard Qualcomm system, which permitted CRST to ascertain the truck's location at all times. Cole stated that CRST wanted him to "keep the truck moving."

Cole confirmed that "no one from CRST told [him] when to stop," and acknowledged that he could take a ten-minute break whenever he wanted. However, Cole expressed that he was unable to take meal and rest breaks because he needed to "keep the wheels rolling" in order to remain timely on his deliveries and receive payment. Nevertheless, Cole admitted that it was his choice to not stop, and that CRST did not prohibit him from taking meal or rest breaks.

According to Cole, CRST did not instruct him that he could not take a thirty- minute meal break, but he was "just thinking about money, keeping the truck moving." Cole testified that he was able to take a ten-minute break and have a snack when he stopped to use the restroom. Cole conveyed that, if he wanted to stop and take a break, he could "always . . . do that."

---

[1] According to CRST's Professional Driver's Handbook, a driver "must average 50 mph including all stops for fuel, driver swaps, meals, breaks, showers, weigh stations, traffic, etc."

In a declaration submitted subsequent to his deposition, Cole averred that he "was required to pick up the CRST truck at the Fontana Terminal [in California] and eventually return the truck back to the Fontana Terminal." Cole related that he lacked "authority to change the assigned pickup and delivery times when planning a trip, even when the delivery deadline orders did not allow enough time for meal and rest periods." Cole maintained that, if he rejected a load because he was unable to schedule meal and rest breaks, he "would be reprimanded, placed at the bottom of the available trucks for dispatch list, and the refusal would be documented in [his] driver performance file." According to Cole, "[o]n many occasions, CRST's delivery deadline orders and transit time rules did not permit [him] to take [his] meal and rest breaks." Cole explained that CRST had no written policy for meal breaks, and did not schedule meal breaks for him. In addition, CRST took no "actions to relieve [him] of all duty [for] each shift that [he] qualified for meal and rest breaks."

In his deposition, Randy Kopecky (Kopecky), CRST's designee under Federal Rule of Civil Procedure 30(b)(6), testified that it was CRST's policy for its drivers "to run their trip and take their breaks appropriately when they need to and when they feel the need to." Kopecky explained that a driver "appropriately" takes a break whenever the driver needs to eat, use the restroom, do laundry, or make personal calls. According to Kopecky, CRST informed its drivers that they should not drive for over five hours without taking a break. Kopecky related that CRST drivers "can stop any time they choose," and "[t]he breaks are completely up to the driver."

Kopecky stated that California's policies concerning meal and rest breaks were posted on a bulletin board at the Fontana Terminal. Kopecky explained that the drivers' orientations

were conducted at the Fontana Terminal, and the drivers' lounge was located there.

In her deposition, Barbara Dixon (Dixon), a CRST driver, stated that she took breaks during the course of her deliveries. According to Dixon, she stopped at a rest area and took a ten-minute break "every four hours." She could take a break longer than ten minutes "[d]epending on the time of day." Dixon testified that she had been cautioned by a dispatcher not to take a break when her delivery was behind schedule.

In his deposition, Alan Long (Long), another CRST driver, stated that he took breaks when he needed to use the restroom or when he became fatigued. He also took breaks to walk around and get something to eat. Long explained that he sometimes planned for breaks when he devised his pre-trip plan. He had meals "[t]hroughout the day or [during] a fuel stop." Long conveyed that it was his decision when to take breaks, and it was not "the company's choice." Long testified that it was "ultimately up to [him]" to take a meal break.

CRST driver Arthur Clemmons (Clemmons) similarly explained during his deposition that he was able to take breaks of "[a]bout a half hour" during stops for refueling. According to Clemmons, he drove four to five hours, and then stopped because it was "a rule" that he take a break and eat.

In his declaration, Daniel Jeffers (Jeffers), a CRST safety trainer, stated that, during its orientation for new drivers, CRST teaches "the importance of taking breaks to rest, eat, and attend to personal matters. After their orientation is concluded, CRST continues to remind drivers about the importance of taking breaks."

The record also contains a document entitled "Trip Planning and Customer Service," delineating the basic elements of trip planning for CRST drivers. The document states that a key element of trip planning is to schedule "Planned stops. (Fuel, driver swaps, meals, showers, breaks, etc.)."

The district court granted summary judgment in favor of CRST. Relying on *Brinker Rest. Corp. v. Superior Court*, 273 P.3d 513 (Cal. 2012), the district court concluded that CRST satisfied its obligations to provide rest and meal breaks by providing a reasonable opportunity for its employees to take the mandated break periods. The district court determined that Cole failed to raise a material factual dispute regarding whether CRST posted the rules for its drivers to view at the Fontana Terminal. The district court observed that Cole attempted to create a triable issue of fact based on a declaration that was somewhat inconsistent with his deposition testimony. The district court noted that Cole did not present any evidence apart from his declaration that CRST compelled its employees to skip break periods based on its load or average speed requirements. The district court emphasized that Cole failed "to identify *a single trip* he took where he skipped a break due to [CRST's] delivery deadlines and transition time rules." (emphasis in the original). According to the district court, there was "ample evidence in the record that [CRST] did, in fact, encourage [Cole] to take breaks."

The district court also granted CRST's motion to decertify the meal and rest break classes. The district court reasoned that decertification of the classes was proper because Cole was unable to demonstrate that CRST imposed a policy that prevented its drivers from taking the mandated rest and meal

breaks. The district court observed that there was "evidence in the record of drivers taking meal and rest breaks without interference from [CRST]," and that "individualized inquiries predominate." The district court reasoned that "[i]n order to determine why some drivers took meal and rest breaks while others did not requires individualized inquiries as to each driver." The district court concluded that Cole was unable to satisfy the predominance requirement of Fed. R. Civ. P. 23(b).

Cole filed a timely notice of appeal.

## IV.     Explanation of Certification

Cole maintains that the district court erroneously concluded that CRST complied with California law simply because it did not prevent its employees from taking breaks. Cole asserts that California law mandates that the employer affirmatively provide breaks by adopting a policy authorizing them. Cole emphasizes that CRST did not have such a policy, did not record meal breaks on its payroll statements, and did not pay its drivers for rest breaks.

In *Brinker*, the California Supreme Court clarified an employer's duties in providing mandated breaks to its employees. The Court articulated that "an employer must relieve the employee of all duty for the designated [meal] period, but need not ensure that the employee does no work," and that "[a]n off-duty meal period . . . is one in which the employee *is* relieved of all duty during the 30-minute period meal period." 273 P.3d at 532–33 (emphasis in the original) (citation, alteration, and internal quotation marks omitted),

Under *Brinker*, an employer satisfies its obligation to provide meal periods "if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so." *Id.* at 536–37. The California Supreme Court emphasized that "[w]hat will suffice may vary from industry to industry, and we cannot in the context of this class certification proceeding delineate the full range of approaches that in each instance might be sufficient to satisfy the law." *Id.* at 537. Nevertheless, "the employer is not obligated to police meal breaks and ensure no work thereafter is performed." *Id.* "Bona fide relief from duty and the relinquishing of control satisfies the employer's obligations, and work by relieved employee during a meal break does not thereby place the employer in violation of its obligations." *Id.*

The California Supreme Court did not directly address in *Brinker* whether the absence of a policy providing for meal and rest breaks constitutes a violation of California labor law. However, in *Duran v. U.S. Bank Nat'l Ass'n*, 325 P.3d 916, 933 n.28 (Cal. 2014), the California Supreme Court observed that "[i]n regard to other wage and hour claims, some courts have held that the *absence* of a uniform policy supports [class] certification if such a policy is required by law. We express no opinion on this question." (emphasis in the original).

The California Supreme Court pointed to two decisions by the California Court of Appeal—*Benton v. Telecom Network Specialists, Inc.*, 220 Cal. App. 4th 701 (2013), and *Bradley v. Networkers Int'l, LLC*, 211 Cal. App. 4th 1129

(2012)—as holding that absence of a uniform policy may support class certification. *Duran*, 325 P.3d at 933 n.28.

In *Benton*, the California Court of Appeal held that the trial court erred in failing to certify a class premised on the plaintiffs' "theory of legal liability" that the employer "violated wage and hour requirements by failing to adopt a policy authorizing and permitting its [employees] to take meal or rest break periods." 220 Cal. App. 4th at 724–25 (citation omitted). In *Bradley*, the California Court of Appeal similarly concluded that class treatment was appropriate because "plaintiffs' theory of recovery is based on [the employer's] (uniform) lack of a rest and meal break policy and its (uniform) failure to authorize employees to take statutorily required rest and meal breaks. The lack of a meal/rest break policy and the uniform failure to authorize such breaks are matters of common proof." 211 Cal. App. 4th at 1150.

In *Brinker*, Justice Werdegar noted that "[i]f an employer's records show no meal period for a given shift over five hours, a rebuttable presumption arises that the employee was not relieved of duty and no meal period was provided." 273 P.3d at 545 (Werdegar, J., concurring). The California Court of Appeal has adopted divergent approaches in addressing this concurring opinion. In *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138, 1159–60 (2015), the California Court of Appeal cited the presumption with approval. *See also Esparza v. Safeway, Inc.*, 247 Cal. Rptr. 3d 875, 885–86 (Cal. Ct. App. 2019), *as modified* (acknowledging prior application of presumption at class certification stage). However, the California Court of Appeal has also declined to apply the presumption because it was articulated in a concurring opinion. *See, e.g.*, *Torres v.*

*Goodwill Indus. of San Diego Cnty.*, No. D072271, 2018 WL 3454932, at *10 (Cal. Ct. App. July 18, 2018) (unpublished) (explaining that the presumption did not apply because "a statement in a concurring opinion is not binding precedent") (citation omitted); *see also Silva v. See's Candy Shops, Inc.*, 7 Cal. App. 5th 235, 253–54 (2016) (implying that the presumption applies, if at all, in the class certification context, but not for summary judgment proceedings).

The California Supreme Court's statement in *Duran* does not clearly indicate whether the Court is inclined to hold that an employer violates the California Labor Code because it lacks a formal policy for meal and rest breaks. It is also unclear whether the California Supreme Court would apply the presumption suggested by Justice Werdegar in *Brinker*.

Cole's appeal is dependent on whether CRST's lack of a policy providing for legally required rest and meal breaks violates California law. If the California Supreme Court accepts certification of the certified questions, the court's decision will "determine the outcome" of this appeal. Cal. R. Ct. 8.548(a)(1). No controlling California Supreme Court precedent directly answers the certified questions. *See* Cal. R. Ct. 8.548(a)(2); *see also McCleery v. Allstate Ins. Co.*, No. B282851, — Cal. Rptr. 3d —, 2019 WL 3072621, at *10 (Cal. Ct. App. July 15, 2019) (noting that the California Supreme Court "has not yet ruled" on the issue of the failure to "adopt affirmative meal or rest period policies"). As a result, we are persuaded that the California Supreme Court is best suited to determine whether CRST violated California labor laws by not having a policy for rest and meal breaks, and whether a presumption arises that CRST is liable for California Labor Code violations based on its failure to keep records of its employees' rest and meal breaks.

Due to the importance of these legal issues in resolving the present appeal and in uniformly applying California law, we conclude that certification of these issues to the California Supreme Court is the proper course of action.

## V.  Accompanying  Materials

The clerk of the court is directed to file in the California Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, copies of the briefs and excerpts of record, and an original and ten copies of this order and request for certification, along with certification on the parties, pursuant to California Rules of Court 8.548(c) and (d).

This case is withdrawn from submission.    Further proceedings in this case before our court are stayed pending final action by the California Supreme Court.  The Clerk is directed to administratively close this docket, pending further order.  The parties shall notify this court within fourteen days of the California Supreme Court's acceptance or rejection of certification, and, if certification is accepted, within fourteen days of the California Supreme Court's issuance of a decision.

**IT IS SO ORDERED.**