

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES COLE, on behalf of himself and
all others similarly situated,

Plaintiff-Appellant,

v.

CRST VAN EXPEDITED, INC., FKA
CRST, Inc., an Iowa Corporation

Defendant-Appellee.

No.   17-55606

D.C. No.
5:08-cv-01570-VAP-SP

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted November 5, 2018
Pasadena, California
Submission Deferred August 1, 2019
Resubmitted March 25, 2021

Before:  RAWLINSON and HURWITZ, Circuit Judges, and BOUGH,** District
Judge.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Stephen R. Bough, United States District Judge for the
Western District of Missouri, sitting by designation.

James Cole (Cole) appeals the district court's orders granting summary judgment in favor of Appellee CRST Van Expedited, Inc. (CRST), and granting CRST's motion to decertify Cole's meal and rest break subclasses. Cole contends that the district court erred in holding that CRST satisfied its obligations under California law to provide meal and rest breaks to its truck drivers. Cole further asserts that the district court erred in decertifying his meal and rest break subclasses due to a failure to satisfy the predominance requirement under Federal Rule of Civil Procedure 23(b)(3).

The district court correctly applied California law in granting summary judgment in favor of CRST because Cole failed to demonstrate that CRST precluded its drivers from taking the mandated meal and rest breaks. *See Brinker Rest. Corp. v. Superior Ct.*, 273 P.3d 513, 537 (Cal. 2012) (explaining that "the employer is not obligated to police meal breaks and ensure no work thereafter is performed" because "[b]ona fide relief from duty and the relinquishing of control satisfies the employer's obligations" ). Under the circumstances of this case, involving discretion afforded to CRST truck drivers to plan their trips and take breaks, the district court properly held that CRST fulfilled its obligations under California law. In his deposition, Cole related that, if he wanted to stop and take a break, he could "always . . . do that," and confirmed that CRST did not instruct

him not to take breaks. Cole's description of his ability to take meal and rest breaks was consistent with the testimonies of other CRST drivers. Although Cole contends that CRST's mileage requirements precluded the taking of breaks, his deposition testimony, as well as that of other CRST drivers, undermined that assertion. Summary judgment was warranted because the evidence reflects that CRST "relieve[d] its employees of all duty, relinquishe[d] control over their activities and permit[ted] them a reasonable opportunity to take an uninterrupted 30-minute break, and [did] not impede or discourage them from doing so." *Brinker*, 273 P.3d at 536-37; *see also Rodriguez v. Taco Bell Corp.*, 896 F.3d 952, 956 (9th Cir. 2018) (applying *Brinker* and holding that the employer satisfied meal break requirements because it "relieve[d] employees of all duty and relinquish[ed] control over their activities").[1] As a result, Cole failed to raise a material issue of fact regarding CRST's compliance with the mandated rest and meal breaks. *See Momox-Caselis v. Donohue*, 987 F.3d 835, 841 (9th Cir. 2021) (explaining that "[t]he nonmoving party must produce specific facts, by affidavit or other

---

[1] Cole also asserts that a material factual dispute exists concerning whether CRST's posting of a copy of the IWC wage order at its Fontana Terminal satisfied the requirements of California Labor Code § 1183(d). However, the undisputed deposition testimony of Randy Kopecky, a CRST representative, that meal and rest break requirements were posted in the "main classroom facilities" and "in the maintenance facility" at the Fontana Terminal forecloses this contention.

3

evidentiary materials, to show that there is a *genuine* issue for trial") (citation omitted) (emphasis in the original).

The district court did not abuse its discretion in decertifying the meal and rest period subclasses because Cole was unable to satisfy the predominance requirement imposed by Federal Rule of Civil Procedure 23(b)(3). Based on the deposition testimonies of CRST drivers, the district court properly concluded that individualized inquiries predominated regarding the multitude of reasons that CRST drivers may or may not have taken the entire meal and rest periods afforded under California law and provided by CRST. *See Payton v. CSI Elec. Contractors, Inc.*, 27 Cal. App. 5th 832, 842 (2018) (affirming denial of class certification premised on rest break violations because "plaintiffs may not simply allege a uniform policy or practice, but must present substantial evidence that proving both the existence of the defendant's uniform policy or practice and the alleged illegal effects of that policy or practice could be accomplished efficiently and manageably within a class setting") (citation and internal quotation marks omitted). Additionally, Cole failed to demonstrate that the absence of a formal meal and rest break policy supports class certification because, as discussed, CRST drivers were able to take breaks unimpeded by the lack of a formal policy. *See id.* (opining that "a class plaintiff's theory of common proof must be more than wishful thinking; it

must have a foundation in the evidence"); *see also McCleery v. Allstate Ins. Co.*, 37 Cal. App. 5th 434, 451-52 (2019) (holding that, although the California Supreme Court has not decided whether the mere absence of a formal meal and rest break policy is sufficient to establish liability, class certification was improper due to predominance of individualized inquires and insufficient evidence of violations).[2]

**AFFIRMED.**

---

[2] We certified to the California Supreme Court questions as to whether the absence of a formal meal and rest break policy and the employer's failure to keep records violate California law. *See Cole v. CRST Van Expedited, Inc.*, 932 F.3d 871, 873 (9th Cir. 2019). The California Supreme Court denied our request to address these questions.